**Anthony E. Contreras, Esq., SBN: 171699**
**1800 N. Bush St., Suite 101**
**Santa Ana, CA 92706**
**Phone: (714) 542-9900**
**Fax: (714) 542-9922**
**E-mail: contreras4law@yahoo.com**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL MYERS, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF AMERICANS WITH DISABILITIES ACT; CALIFORNIA UNRUH CIVIL RIGHTS ACT; CALIFORNIA DISABLED PERSONS ACT; GENERAL NEGLIGENCE** |
| TOM'S JR., a business entity, TOM'S JR BURGER INC, NIKISOROS VALASKANDJIS AND G. MARKOU OWNERS OF PREMISES | |
| Defendants | |

Plaintiff, Nathaniel Myers (Plaintiff) complains of Defendants, Tom's Jr., a business entity, Tom's Jr. Burger Inc., Nikisoros Valaskandjis and G. Markou, owners of the premises, (collectively Defendants) and alleges:

1. Plaintiff is a California resident with physical disabilities. He suffers from significant loss of use of his lower extremities due to a T-10 Spinal Cord Injury suffered in 1992 and utilizes a wheelchair for mobility. Plaintiff has a Disabled Person Parking Placard, issued by the state of California.

1

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

2. Defendants are, or were at the time of the incident, the real property owners, business operators, lessors, and/or lessees of Tom's Jr. located at 1500 E. Slauson Ave., Los Angeles, CA 90011.

3. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Other defendants may be named and added when ascertained.

### JURISDICTION & VENUE:

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1343(a)(3) & (a)(4), for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, et seq.

5. Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of transactions, is also brought under California's Unruh Civil Rights Act, and the California Disabled Persons Act, which acts expressly incorporate the Americans with Disabilities Act.

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district. The property address is stated in Paragraph 2.

//

2

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

## FACTUAL ALLEGATIONS:

7. Plaintiff went to Tom's Jr., on or about May 2015, to purchase something to eat. Plaintiff was prevented from using the restroom facilities in violation of the American with Disabilities Act Accessibility Guidelines (ADAAG). Plaintiff was unable to enjoy full and equal access to the Tom's Jr. facilities, as he was entitled according to federal and state statutes.

8. The measurements of the bathroom were far too small. (See 2010 Standards for Public Accommodations and Commercial Facilities: Title III and ADAAG 4.13.5-4.13.6

9. Plaintiff personally encountered violations that prevented him from full and equal access to the restroom facility at Tom's Jr.. Plaintiff would like to patronize this establishment again but cannot do so until the defendants remove these barriers.

## I.  FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITES ACT OF 1990 (On behalf of plaintiff against all defendants (42 U.S.C. § 12101, et seq.))

10. Plaintiff realleges and incorporates by reference the allegations contained in all prior paragraphs of this complaint.

11. Defendants own, operate, and lease a place of public accommodation. Under the Americans with Disabilities Act (ADA), it is an act of discrimination for any person(s) who owns, leases (or leases to), or operates a place of public accommodation to deny the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

3

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defines by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix D.

c. A failure to design and construct facilities for first occupancy later than 30 months after July 26, 1990, that are readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable to meet the requirements of such subsection in accordance with standards set forth or incorporated by reference in regulations issued under this subchapter. 42 U.S.C. § 12183(a)(i).

d. With respect to a facility or part thereof that is altered by, on behalf of, or for the use of an establishment in a manner that affects or could affect the usability of the facility, or part thereof, a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals who use wheelchairs. Where the entity is

4

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

undertaking an alteration that affects or could affect usability of or access to an area of the facility containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains servicing the altered area, are readily accessible to and usable by individuals with disabilities where such alterations to the path of travel or the bathrooms, telephones, and drinking fountains serving the altered area are not disproportionate to the overall alterations in terms of cost and scope (as determined under criteria established by the Attorney General). 42 U.S.C. § 12183(a)(ii).

12. Defendants are persons or business entities that own, operate, or lease a place of public accommodation. Defendants are required to avoid discrimination and have specific duties to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines (ADAAG); and/or (2) remove all existing barriers where such removal is "readily achievable," and/or (3) to provide alternatives to barrier removal. The Defendants have failed to meet all of these obligations by failing to provide any handicap parking space with adequate striping, van access and signage4

## II.    SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of plaintiff and against all defendants (Cal Civil Code § 51-53))

13. Plaintiff realleges and incorporates by reference the allegations contained in all prior paragraphs of this complaint.

5

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

14. Because Defendants violated Plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. Civil Code § 51(f), 52(a).

15. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort, and embarrassment for the Plaintiff, the Defendants are also responsible for statutory damages, i.e., a civil penalties. Civil Code § 51(f), 52(a).

**III.    THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT** (On behalf of plaintiff and against all defendants (Cal Civil Code § 54-54.8))

16. Plaintiff realleges and incorporates by reference the allegations contained in all prior paragraphs of this complaint.

17. Because Defendants violated the plaintiff's rights under the ADA, they also violated the California Disabled Persons Act and are liable for damages. Civil Code § 51(f), 52(a)54-54.8.

18. Because the violation of the California Disabled Persons Act resulted in difficulty, discomfort, and embarrassment for the Plaintiff, the Defendants are also responsible for statutory damages, i.e., a civil penalty. Civ. Code § 55.56(a)-(c).

**IV.    FOURTH CAUSE OF ACTION: GENERAL NEGLIGENCE** (On behalf of plaintiff and against all defendants)

19. Plaintiff realleges and incorporates by reference the allegations contained in all prior paragraphs of this complaint.

20. Defendants have a general duty and a duty of due care to the disabled plaintiff, arising under the ADA and Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the disabled plaintiff. Their negligent breach of this duty, as alleged in the preceding paragraphs of this complaint, notably paragraphs 1 through 17, has

6

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

caused inconvenience, injuries and damages as alleged, in the amount of at least minimal

amounts of damages allowed by applicable statutes, exact amount to be determined at trial.

//

//

//

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**PRAYER:**

Plaintiff prays that this court award damages and provide relief against all named defendants, jointly and severally, as follows:

1. For mandatory injunctive relief, compelling defendants to comply with the Americans with Disability Act and the California Unruh Civil Rights Act, while not seeking injunctive relief under the California Disabled persons Act.

2. For damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act where applicable which damages provide for actual damages and a statutory minimum of $4,000, per California Unruh Civil Rights Act or alternatively per California Disabled Persons Act. If the plaintiff cannot recover under both Unruh and DPA, simultaneously, an election will be made prior to or at trial, at an appropriate stage in these legal proceedings.

3. For damages for general negligence, in the amount of at least minimal amounts of damages allowed by applicable statutes, or alternatively $4000, the exact amount to be determined at trial.

4. For reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Code of Civil Procedure § 1021.5.

5. For such other and further relief as the court deems just and proper.

Dated: ____6/10____, 2015

Anthony E. Contreras, Esq.
Attorney for Plaintiff

8

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**